IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | * | | |
| v. | * | CRIM. NO. JKB-08-0382 | |
| REGINALD GLOVER, | * | | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Now pending before the Court is Defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (ECF No. 259). He requests that the motion be addressed immediately in light of the Covid-19 threat. (ECF No. 274.) The Government opposes the motion. (ECF Nos. 266, 277.) The Court has carefully reviewed the submissions of both sides and the entire record. The court also conducted a telephone conference with counsel, albeit not on the record. The Court finds that the Defendant is eligible to be considered for relief under the First Step Act. (*See* ECF No. 259 at 1.) The question now is whether the Court finds a sentence reduction appropriate.

First, the Court considers how the Federal Sentencing Guidelines apply. For purposes of this case only, the Court agrees with the computation submitted by Defense counsel with a resultant offense level of 35, criminal history category VI.[1] (*See* ECF No. 277 at 1.) The Defendant is a career offender. This results in a guidelines range of 292 to 365 months of incarceration. (*Id.*)

---

[1] The Court does not make any broader holdings about the applicability of current law in First Step Act proceedings. The Court merely finds that this is the correct calculation of the Sentencing Guidelines in this case.

1

However, in calculating a sentence reduction for the Defendant, the Court has the authority and responsibility to apply all of the 18 U.S.C. § 3553(a) factors. First, considering the history and characteristics of Defendant, the Court finds Defendant has a serious prior criminal history including crimes of violence, but that those offenses occurred long ago and are less reflective on who the Defendant is today. As for the nature and circumstances of offense, this is a significant but not atypical drug distribution conspiracy. The Defendant was involved in moving significant quantities of crack cocaine. There is nothing in the record that indicates Defendant was involved in violence or that he possessed weapons in relation to this charge. Considering the seriousness of offense, the Court finds this case is by definition serious by virtue of the quantity of drugs involved and the societal harm attendant to drug distribution on that scale in this community.

As for the need for deterrence, the Defendant has a significant prior criminal record. Accordingly, it is only rational that a substantial penalty is necessary to dissuade him from future offenses. The Court also finds that the need to protect the public is a significant factor in this sentencing because of the quantity of drugs involved and the Defendant's prior criminal record.

Regarding the need to avoid unwarranted sentencing disparities among defendants with similar records and culpability, the Court takes into account the lack of scientific justification for treating crack cocaine and powder cocaine differently. The court has a policy difference with the U.S. Sentencing Commission in this regard. The Court notes that if there were no mandatory minimums applicable and if the substance was treated as powder cocaine, it would yield a guidelines offense level of 22 and a criminal history category of VI, with a corresponding guidelines range of 84 to 105 months of incarceration. (*See* ECF No. 277 at 2.) The Court acknowledges that this calculation would ignore career offender status. Nonetheless, it shows how

the treatment of this substance as crack rather than powder distorts the guidelines computation. The Court finds this is an unwarranted disparity.

The Court finds that training and treatment are not a significant factor in this sentencing decision. The Court also notes that Defendant's incarceration has been uneventful with no significant violations.

Taking under advisement the Federal Sentencing Guidelines, the Court has computed the resultant offense level of 35, criminal history category VI. (*See* ECF No. 277 at 1.) This results in a guidelines range of 292 to 365 months of incarceration. The Court finds that career offender status and the range produced significantly overstates the culpability of this Defendant.

Taking into account good time credits, the Court finds that the Defendant has served a sentence at this point with an original length of roughly 156 months. That is the sentence that is appropriate on Count One (conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846) and that is sufficient but not more than necessary, all relevant factors considered.

The Court's attention is particularly focused by the circumstance of the COVID-19 virus being present in federal Bureau of Prisons ("BOP") facilities, which makes consideration of the Defendant's request urgent. Therefore, if release is going to occur, it should be done swiftly to account for this emergency. In fact, there are COVID-19 cases in the specific BOP facility in which Mr. Glover is currently housed. (*See* ECF No. 278.)

Accordingly, a new judgment and commitment order will issue setting the sentence at TIME SERVED PLUS SEVEN DAYS. All other terms of the sentence imposed not altered by this memorandum remain in full force and effect and will be reflected in the amended judgment and commitment order.

Therefore, the Motion for the Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act (ECF No. 259) is GRANTED to the extent described above.

DATED this 13th day of April, 2020.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge